UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIE WYNKOOP, as Special Administrator of the Estate of GARY WYNKOOP, Deceased,<br><br>Plaintiff,<br><br>versus<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. |

## COMPLAINT AT LAW

The Plaintiff, Jennie Wynkoop, as Special Administrator of The Estate of Gary Wynkoop, Deceased, by her attorneys, Levin & Perconti, complains against the Defendant, United States of America, and in support thereof states as follows:

## COUNT I
(Wynkoop v. United States of America – Survival Action)

The Plaintiff, Jennie Wynkoop, as Special Administrator of The Estate of Gary Wynkoop, Deceased, by her attorneys, Levin & Perconti, complains against the Defendant, United States of America, and in support thereof states as follows:

1. Jennie Wynkoop is the duly appointed Special Administrator of the Estate of Gary Wynkoop, Deceased. (*See* Letters of Office attached as Exhibit A).

2. The Plaintiff, Jennie Wynkoop, as Special Administrator of The Estate of Gary Wynkoop, Deceased, brings this action pursuant to 755 ILCS 5/27-6 et seq., commonly known as the Survival Act of the State of Illinois.

3. The Plaintiff, Jennie Wynkoop, as Special Administrator of The Estate of Gary Wynkoop, Deceased, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346

and §§2671 - 2680.

4.     The Plaintiff, Jennie Wynkoop, as Special Administrator of The Estate of Gary Wynkoop, Deceased, filed an Administrative Claim with the United States Department of Veterans Affairs on January 30, 2017. (*See* Administrative Claim January 30, 2017, attached hereto and marked as Exhibit B).

5.     On February 17, 2017, The United States Department of Veterans Affairs Office of Chief Counsel sent a letter notifying the Plaintiff that the United States Department of Veterans Affairs, Office of Chief Counsel received Plaintiff's Standard Form 95's, *Claim of Damage, Injury, or Death,* on January 30, 2017. (*See* February 17, 2017 letter attached hereto and marked as Exhibit C).

6.     As of July 31, 2017, The United States of America had not sent Plaintiff a notice of final determination of the administrative tort claim. Accordingly, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2675(a) and 2401(b), the United States of America by its agent, has made a final disposition of the claim.

7.     Gary Wynkoop (hereinafter "Gary") was born on October 1, 1946.

8.     Gary died on May 29, 2016. The Indiana Certificate of Death for Gary lists metastatic adenocarcinoma of the lung as Gary's immediate cause of death. (*See* Death Certificate hereto and marked as Exhibit D).

9.     At all times relevant to this Complaint, Yuk-Pui Li, MD, was a physician, specializing in diagnostic radiology, licensed to practice his profession in the State of Illinois.

10.     At all times relevant to this Complaint, Yuk-Pui Li, MD, was an actual, implied and apparent agent, servant and employee of United States of America.

11.     At all times relevant to this Complaint, Yuk-Pui Li, MD**,** was acting within the

scope of his employment with Defendant, United States of America, and as such, the Defendant, United States of America, is vicariously liable for his negligent conduct.

12. At all times relevant to this Complaint, Nalini Bidani, MD, was a physician, specializing in diagnostic radiology, licensed to practice her profession in the State of Illinois.

13. At all times relevant to this Complaint, Nalini Bidani, MD, was an actual, implied and apparent agent, servant and employee of Defendant, United States of America.

14. At all times relevant to this Complaint, Nalini Bidani, MD, was acting within the scope of her employment with Defendant, United States of America, and as such, the Defendant, United States of America, is vicariously liable for her negligent conduct.

15. At all times relevant to this Complaint, the Defendant, United States of America, through its duly authorized agents, Yuk-Pui Li, MD, and Nalini Bidani, MD, held itself out to the public, and, in particular to the public, and, in particular, to Gary, as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to Gary.

16. On and before July 23, 2012, Gary had a social history of smoking.

17. Before, on and after July 23, 2012, Yuk-Pui Li, MD, read and interpreted x-rays at Jesse Brown VA Medical Center office, located at 820 South Damen Avenue in Chicago, Illinois.

18. Yuk-Pui Li, MD, read and interpreted chest x-rays taken of Gary at Jesse Brown VA Medical Center on July 23, 2012, July 19, 2013, April 23, 2014 and November 4, 2014.

19. Between July 23, 2012 and November 4, 2014, Gary continued to be a patient to be a patient of Yuk-Pui Li, MD.

20. Between July 23, 2012 and November 4, 2014, Gary relied on the Defendant, United States of America through its agent Yuk-Pui Li, MD, to interpret his radiographs

appropriately and make recommendations to his primary care physician.

21. On or about August 30, 2013, Gary was under the care and treatment of physicians including, but not limited to, Nalini Bidani, MD.

22. On or about August 30, 2013, Gary received a chest x-ray at Jesse Brown VA Medical Center located at 820 South Damen Avenue in Chicago, Illinois that was read and interpreted by Nalini Bidani, MD.

23. On or about January 31, 2015, Gary received a chest x-ray at Porter Regional Hospital that revealed a right hilar spiculated mass. A CT of the chest on the same date confirmed a 4.6x3.5x4.6 spiculated right hilar mass.

24. On or about February 12, 2015, Gary had a biopsy performed at the Mayo Clinic diagnosing metastatic adenocarcinoma of the lungs.

25. At all times mentioned herein, it became and was the duty of the Defendant, United States of America, through its actual, implied and apparent agents, servant and employees, including physicians and other healthcare professionals including Yuk-Pui Li, MD, and Nalini Bidani, MD, to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful physician and a reasonably careful radiologist under similar circumstances.

26. The Defendant, United States of America, through its actual, implied and apparent agents, servants and employees including, but not limited to, Yuk-Pui Li, MD, and Nalini Bidani, MD, failed to possess and apply the knowledge, skill, and care ordinarily used by a reasonably careful physician and a reasonably careful radiologist under similar circumstances in its care and treatment of Gary by one or more of the following negligent acts or omissions:

   a. As to the July 23, 2012 chest x-ray Dr. Li failed to notice and report a change in the size of both hila, particularly the change in shape of the right upper hilum and a CT scan should have been recommended;

    b. As to the July 19, 2013 chest x-ray Dr. Li failed to notice and report a change in the size of both hila, particularly the change in shape of the right upper hilum and a CT scan should have been recommended;

    c. As to the April 23, 2014 chest x-ray Dr. Li failed to notice and report a change in the size of both hila, particularly the change in shape of the right upper hilum and a CT scan should have been recommended;

    d. As to the November 4, 2014 chest x-ray Dr. Li failed to notice and report a change in the size of both hila, particularly the change in shape of the right upper hilum and a CT scan should have been recommended; and

    e. As to the August 30, 2013 chest x-ray Dr. Bidani failed to notice and report a change in the size of both hila, particularly the change in shape of the right upper hilum and a CT scan should have been recommended.

27. As a direct and proximate result of the Defendant, United States of America's continuous and unbroken course of negligent treatment of Gary from July 23, 2012 up until Gary was diagnosed with lung cancer by a physician on February 12, 2015, Gary's lung cancer remained untreated, and progressed to advanced stage lung cancer, all of which necessitated extensive hospitalizations and caused Gary's Death.

28. As a direct and proximate result of the Defendant, United States of America's negligent treatment, Gary suffered injuries of a personal and pecuniary nature, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering, physical and emotional trauma, and an overall deterioration of his physical and mental well-being, and Gary would have been entitled to compensation from the Defendant for these injuries, had he survived.

29. Pursuant to Section 13-212 (a) of the Illinois Code of Civil Procedure, 735 ILCS 5/13-212 (a), Gary did not know nor could he have known about the existence of his lung cancer until it was diagnosed by a physician on or about February 12, 2015.

30. Attached to this Complaint as Exhibit E is the Affidavit of the Attorney in this cause

filed pursuant to 735 ILCS 5/2-622(a)(1).

31. Attached to this Complaint as Exhibit F is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

Wherefore, the Plaintiff, Jennie Wynkoop, as Special Administrator of The Estate of Gary Wynkoop, Deceased, asks that a judgment be entered against Defendant, United States of America, in the amount of Ten Million Dollars ($10,000,000.00).

## COUNT II
(Wynkoop v. United States of America – Wrongful Death Action)

The Plaintiff, Jennie Wynkoop, as Special Administrator of The Estate of Gary Wynkoop, Deceased, by her attorneys, Levin & Perconti, complains against the Defendant, United States of America, and in support thereof states as follows:

1. Jennie Wynkoop is the duly appointed Special Administrator of the Estate of Gary Wynkoop, Deceased. (*See* Letters of Office attached as Exhibit A).

2. The Plaintiff, Jennie Wynkoop, as Special Administrator of The Estate of Gary Wynkoop, Deceased, brings this action pursuant to the provisions of 740 ILCS 180/1 et. seq., commonly known as the Wrongful Death Act of the State of Illinois.

3. The Plaintiff, Jennie Wynkoop, as Special Administrator of The Estate of Gary Wynkoop, Deceased, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346 and §§2671 - 2680.

4-27. The Plaintiff re-alleges paragraphs 4-27 of Count I of this Complaint as and for paragraphs 4-27 of this Count II.

28. Gary left surviving his various persons who were his next of kin, including but not limited to:

    a. Jennie Wynkoop (wife);

      b. Jason M. Wynkoop (son); and

      c. Emily A. Sliwa (daughter).

29. All of Gary's next of kin suffered injuries as a result of his death, including the loss of companionship, society, grief and sorrow. Further, Gary's Estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

30. Attached to this Complaint as Exhibit E is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

31. Attached to this Complaint as Exhibit F is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

Wherefore, the Plaintiff, Jennie Wynkoop, as Special Administrator of The Estate of Gary Wynkoop, Deceased, asks that a judgment be entered against Defendant, United States of America, in the amount of Thirty Million Dollars ($30,000,000.00).

                Respectfully submitted,
                **LEVIN & PERCONTI**

BY:   s/Cari F. Silverman
        Attorneys for Plaintiff

John J. Perconti
Michael F. Bonamarte
Cari F. Silverman
**LEVIN & PERCONTI**
325 North LaSalle Street Suite 450
Chicago, IL 60654
312 332-2872
312 332-3112 (facsimile)